IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JAMES C.; MERILEE C.; and J.C., <br><br> Plaintiffs, <br><br> v. <br><br> AETNA HEALTH and LIFE INSURANCE COMPANY; and LOCKHEED MARTIN CORPORATION GROUP BENEFITS PLAN, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [71] MOTION FOR AWARD OF ATTORNEY FEES** <br><br> Case No. 2:18-cv-00717-DBB-CMR <br><br> District Judge David Barlow |

In the court's decision resolving the parties' motions for summary judgment, the court determined that Plaintiffs were entitled to an award of reasonable attorney fees and costs.[1] Before the court is Plaintiffs' motion for award of attorney fees.[2]

In their opposition to the motion for fees, Defendants suggest that Rule 68 of the Federal Rules of Civil Procedure requires a reduction in the requested fees amount.[3] Defendants also contend that counsels' hourly rates and their hours spent on this matter are unreasonable.[4]

Rule 68 allows a defending party to "serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."[5] "Under this rule, if a defendant makes a formal offer of settlement, and the plaintiff rejects it but later obtains a judgment less

---

[1] ECF No. 70.

[2] ECF No. 71.

[3] ECF No. 74 at 4–6.

[4] ECF No. 74 at 2.

[5] Fed. R. Civ. P. 68(a).

favorable than the one offered him or her, the plaintiff-offeree 'must pay the costs incurred after the offer was made.'"[6] Here, Defendants' counsel indicates that he "offered to stipulate to a remand of this case to Aetna" in a phone call on March 8, 2019.[7] Defendants do not assert that the offer was reduced to writing or served in a manner required by Fed. R. Civ. P. 5(b), nor do they put forward any specific terms of the telephone offer. Defendants also do not indicate that they were willing to pay attorney fees or to acknowledge that their actions in the underlying insurance coverage review were arbitrary and capricious. To be sure, in determining the reasonableness of a fees and costs calculation, the court "must take the fact of the Rule 68 offer into account."[8] However, Defendants have not established the fact of a valid Rule 68 offer.

Defendants also challenge the hourly rates and hours spent by Plaintiffs' counsel in this matter. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[9] Counsel for Plaintiffs, Brian King and Nediha Hadzikadunic, have submitted that their hourly rates are $600 and $250, respectively.[10] King spent 90.5 hours[11] and Hadzikadunic spent 109.7 hours prosecuting this matter.[12] Both attorneys provided detailed descriptions of the services provided and the time dedicated to each task.[13]

---

[6] *Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1182 (10th Cir. 2011) (quoting Fed R. Civ. P. 68(d))*, aff'd*, 568 U.S. 371 (2013).

[7] Declaration of David N. Kelley, ECF No. 74-1 at ¶ 14.

[8] *Dalal v. Alliant Techsystems, Inc.*, 182 F.3d 757, 761 (10th Cir. 1999).

[9] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[10] Declaration of Brian S. King, ECF No. 71-1; Declaration of Nediha Hadzikadunic, ECF No. 71-2.

[11] ECF No. 71-1 at ¶ 17.

[12] ECF No. 71-2 at ¶ 9.

[13] ECF No. 71-1 at 7–10.

Defendants contend that King's $600 per hour rate does not reflect the prevailing rate for similar services in this community.[14] In a declaration submitted in opposition, Scott M. Petersen asserts that ERISA litigation practitioners in Utah bill at rates ranging from $300 to $400, depending on experience.[15] King has almost 35 years of legal experience, 26 of which have been "almost exclusively devoted to representing" ERISA participants and beneficiaries.[16] The court concludes that a reasonable hourly rate in this community for a highly experienced ERISA practitioner such as King is $450 per hour in this case, based on the fact record and legal issues here.[17] Defendants do not challenge the $250 hourly rate of King's associate.

Defendants also challenge as excessive the time spent on elements of this case by Plaintiffs' counsel.[18] As stated above, King is highly experienced in ERISA cases.[19] As Defendants point out, the Complaint in this case recites many nearly identical statements made in other similar cases.[20] King spent 10.6 hours drafting and editing the Complaint.[21] Similarly, King spent more than 15 hours drafting a motion for attorney fees that is substantially similar to another motion for attorney fees filed in a separate matter.[22] Collectively, King and Hadzikadunic expended approximately 142 hours drafting the motion for summary judgment, an opposition, and a reply.[23] By comparison, counsel for Defendants assert that they spent less than one hundred

---

[14] ECF No. 74 at 9–10.

[15] Declaration of Scott M. Petersen, ECF No. 74-6 at ¶ 9.

[16] ECF No. 71-1 at ¶ 3.

[17] See ECF No. 74 at 6; *cf. Charles W. v. Regence BlueCross BlueShield of Oregon*, 2019 WL 6220060, at *1 (D. Utah Nov. 21, 2019) (determining that a rate of $400 per hour is a reasonable rate for King in an ERISA action).

[18] ECF No. 74 at 6.

[19] ECF No 71-1 at ¶¶ 3–8.

[20] ECF No. 74 at 7; *see* ECF No. 74-2.

[21] ECF No. 71-1 at 6.

[22] *See* ECF No. 74-4.

[23] See ECF No. 71-1.

hours on effectively the same briefing.[24] For purposes of an attorney fees award, the hours billed by King and his associate, though not inappropriate, are greater than necessary in light of the facts and circumstances of this case and the similarities this case shares with other of King's cases. Accordingly, the court reduces the hours for King and Hadzikadunic to 76.9 and 93.2 hours, respectively.

## ORDER

For the reasons stated in this Memorandum Decision and Order, the court GRANTS Plaintiffs' Motion for Award of Attorney Fees.[25] Plaintiffs are awarded attorney fees in the amount of $57,905.[26] The court also awards Plaintiffs an additional $400, representing the costs expended in this case.[27]

Signed January 8, 2021.

BY THE COURT

_____
David Barlow
United States District Judge

---

[24] Declaration of David N. Kelley, ECF No. 74-1 at ¶ 17.

[25] ECF No. 71.

[26] This amount represents $34,605 for King's services and $23,300 for Hadzikadunic's services.

[27] ECF No. 71-1 at ¶ 19 (asserting that Plaintiffs' counsel's firm advanced a $400 filing fee for the filing of the Complaint).